IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ISRAEL GONZALEZ,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-63-L-BK** |
| § | |
| **TIMOTHY ABIGAIL and** § | |
| **METROPLEX FOOT AND ANKLE,** § | |
| § | |
| Defendants. § | |

## **ORDER**

On January 13, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court *sua sponte* remand this action, which was removed in violation of the federal removal statute by the plaintiff rather than the defendants. As a result, the Report concludes that the court lacks subject matter jurisdiction. No objections to the Report were filed, and the time for doing so has expired.

According to the Report and record in this case, pro se Plaintiff Israel Gonzalez originally filed a medical malpractice action in the 160th Judicial District Court, Dallas County, Texas, and, after his malpractice claim was dismissed with prejudice on March 29, 2021, he appealed to the Fifth Court of Appeals, Dallas County, Texas (Appeal No. 05-21-00474-CV). Thereafter, Plaintiff initiated this federal action by filing a "Notice to Remove State Civil Case to Federal Court" (Doc. 3) on January 10, 2023, pursuant to Federal Rules of Civil Procedure 59(d) and 60(d)(3); and 28 U.S.C. §§ 1331, 1446, 1655, & 1983. Plaintiff requests that the court "reverse the lower state court[']s decision" dismissing his medical malpractice claim. Notice to Remove 3-4. In addition, he asserts that his "original medical malpractice claim should be conjoined, and a new cause of action against the attorneys in this case." *Id.* at 4. According to Plaintiff, the defense attorneys

deceived the trial judge into believing that he had received notice of a hearing that was sent to an incorrect e-mail address (his daughter's e-mail address). Plaintiff, therefore, contends that he never received notice of a hearing, which caused the trial court to dismiss his medical malpractice claim.

As correctly noted by the Report, 28 U.S.C. § 1441(a) only authorizes a defendant or defendants to remove an action from state court to federal court if the federal district court has original jurisdiction over the action. "Removal may be improper, however, for jurisdictional or procedural reasons." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996)). Jurisdictional defects can be addressed *sua sponte* by the district court and require remand of an improperly removed action to state court for lack of subject matter jurisdiction based on diversity of citizenship or federal question jurisdiction. *Hinkley*, 968 F.3d at 549 (citing 28 U.S.C. § 1447(c)). Unlike jurisdictional defects, however, procedural defects in the removal of a case can be waived. *Id.* (citation omitted). Thus, when removal is procedurally improper, the action cannot be remanded to state court unless the plaintiff files a motion to remand within the time prescribed by section 1447(c).

Here, Plaintiff Gonzalez's removal of his state action appears to be procedurally improper because, as noted, the removal statute only allows a defendant or defendants to remove an action from state to federal court. The court, nevertheless, determines that it lacks subject matter jurisdiction over this action for another reason. Under the *Rooker-Feldman* doctrine, this court does not have appellate jurisdiction or power to review a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 (2005) (summarizing the *Rooker-Feldman* doctrine). Because the only relief Plaintiff seeks is the reversal of the state court's dismissal of his

medical malpractice claim, this court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine.

Accordingly, having considered the pleadings, Notice to Remove, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court **to the extent modified by this order**. As the court is precluded under the *Rooker-Feldman* doctrine from exercising jurisdiction over this action for the purpose of reversing the unfavorable state judgment that Plaintiff has appealed to the Texas Fifth Court of Appeals, it *sua sponte* **remands** this action, to the Fifth Court of Appeals, Dallas County, Texas (Appeal No. 05-21-00474-CV) from which it was removed, and **directs** the clerk of the court to effect the remand in accordance with the usual procedure.

**It is so ordered** this 31st day of January, 2023.

Sam A. Lindsay
United States District Judge